**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**CASE NO:**

Cesar Silva,

    Plaintiff

  v.

Lee County, Florida,

    Defendant.

_____/

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff, CESAR SILVA ("Plaintiff" or "Mr. Silva"), files the following Complaint for Injunctive Relief against Defendant, LEE COUNTY, FLORIDA, for denying Plaintiff's use and access of public facilities, in violation of the Americans with Disabilities Act ("ADA") and alleges as follows:

**INTRODUCTION**

1. This discrimination action is brought by Plaintiff, CESAR SILVA – a disabled military veteran who has been denied equal access of public accommodations and amenities in Lee County, Florida ("the County" or "Lee County"). Title II of the ADA protects the right of a disabled individual to have a service animal in public accommodations and facilities. Mr. Silva contends that the County has violated his rights under the ADA by posting a sign at San Carlos Bay – Bunche Beach Preserve ("Bunche Beach") that states "No Pets or Service Animals" and refusing Mr. Silva and his service dog, Sophia, access to this public land. This constitutes a failure to accommodate under the ADA. Mr. Silva brings this action pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, to obtain injunctive relief, attorneys' fees

1

and litigation costs.

2. On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter "ADA"), and specifically found, *inter alia,* that:

(i) Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii) Historically, society has tended to isolate and segregate individuals with disabilities and despite some improvements such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii) Discrimination against individuals with disabilities persists in such critical areas of employment;

(iv) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue opportunities for which our free society is justifiably famous and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1)-(3), (5), and (9).

3. Congress explicitly set forth the purpose of the ADA; to wit:

(i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii) Provide strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

(iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §§ 12101(b)(1)(2) and (4).

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff, CESAR SILVA, is a resident of Lee County, Florida, over the age of 18 years, and otherwise *sui juris*.

5. At all times material hereto, Defendant, Lee County, is and was a political subdivision of the State of Florida located in Southwest Florida.

6. During all times material hereto, Defendant, Lee County, was a covered public entity, as defined by 42 U.S.C. § 12111(2) and 42 U.S.C. § 12131(1)(b).

7. All acts and omissions giving rise to this dispute took place within Lee County, Florida.

8. Jurisdiction is proper within the Middle District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

9. Venue is proper within the Middle District of Florida pursuant to 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

10. Plaintiff is a disabled military veteran who resides in Lee County, Florida.

11. During all material times hereto, Plaintiff has suffered from a traumatic brain injury, post-traumatic stress disorder ("PTSD"), and chronic and acute back pain, which substantially limit his ability to walk. Mr. Silva also has Neuropathy in his left hand and has had surgeries performed on both of his ankles which further limits his mobility. These conditions individually and collectively constitute a bona fide disability under the ADA, as Mr. Silva is physically impaired and his major life activities are substantially limited because of his physical impairment.

12. Mr. Silva requires the use of a walker and cane in order to mobilize himself.

13. Mr. Silva also requires the use of his service animal – an 8-year-old German Shepherd dog named Sophia.

14. Sophia has been trained through Guardian Angels Medical Service Dogs, Inc. and

has received over 1,500 hours of training in obedience, socialization, desensitization, public access training and advanced skill work. Sophia qualifies as a service animal under the ADA and Florida law.

15. Sophia assists Plaintiff in walking, and further assists Plaintiff by picking up objects that Plaintiff drops (because Plaintiff cannot bend down), and alerts others when Plaintiff requires emergency assistance, and "shields" Plaintiff from large crowds by making a barrier between Plaintiff and the crowd.

16. Service animals like Sophia are working animals intended to perform specific tasks related to an individual's disability.

17. Plaintiff keeps Sophia on a leash and maintains control of Sophia at all times.

18. Service animals, as defined under the ADA, may accompany their handler into public areas of accommodation, including airplanes and restaurants, without additional fees that might otherwise be associated with an accompanying animal companion.

19. Under the ADA, a "service animal" is an animal trained to do work or perform tasks for an individual with a disability.

20. The ADA does not limit the tasks a service animal may perform.

21. The ADA specifically permits service animals such as Sophia to help individuals with physical, psychiatric and neurological disabilities. *See* 28 C.F.R. § 36.104; 28 C.F.R. § 35.104.

### **DEFENDANT DENIES PLAINTIFF PUBLIC ACCOMODATION**

22. In September 2020, Plaintiff moved to Cape Coral, Florida, within Lee County.

23. Plaintiff attempted to visit and enjoy use of public land at Bunche Beach in or around February 2021 with his service animal, Sophia. Plaintiff wishes to visit this particular land

to enjoy use of the beach and to take photographs of the area as Lee County advertises it as offering "great photographic opportunities from the flora and fauna to fantastic sunsets."

24. However, Lee County has imposed an overly broad ban on all pets at Bunche Beach. Lee County has made its ban on all pets known on its public website which shows the following:



*See* www.leegov.com/parks/beaches/bunche (last visited Feb. 26, 2021).

25. Not only does Lee County ban all pets at Bunche Beach, but it also bans all service animals. Plaintiff encountered the following notice on his attempted to visit to Bunche Beach in February 2021:

5



26. Lee County's ban on service animals prevents Plaintiff and other disabled individuals who require the use of a service animal from accessing and enjoying the public land at Bunche Beach.

27. Lee County's ban on service animals violates federal regulations promulgated in connection to the ADA, which state the following:

> Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a public entity's facilities where members of the public, participants in services, programs or activities, or invitees, as relevant, are allowed to go.

28 C.F.R. § 35.136(g).

28. Neither Plaintiff nor Sophia were a direct threat to Bunche Beach when Plaintiff attempted to visit Bunche Beach in February 2021.

29. Defendant failed to make an individualized inquiry and assessment as to the nature,

duration, and severity of any risk service animals would create at Bunche Beach.

30. Lee County has denied Plaintiff's right to bring Sophia to places of public accommodation owned or operated by the county.

31. Plaintiff intends on returning to Bunche Beach as soon as the county changes its unlawful policy and allows Plaintiff to visit with his service animal.

## COUNT I – DISPARATE IMPACT UNDER TITLE II OF THE ADA

32. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as though fully set forth herein.

33. Plaintiff satisfied all necessary conditions precedent prior to filing this Complaint.[1]

34. During all times material hereto, Plaintiff was disabled, and therefore was a qualified individual under the ADA.

35. Lee County's ban on service animals at Bunche Beach has a disproportionate adverse effect on disabled individuals because it prohibits them from accessing public accommodations and/or amenities that are available to non-disabled individuals who do not require the use of a service animal.

36. Plaintiff and Sophia do not present a bona fide direct threat to the health or safety of others at the Bunche Beach.

37. Plaintiff has suffered from irreparable harm because Lee County deprived him of his federal statutory right against discrimination by a public entity. More specifically, Lee County blocked his access to Bunche Beach because he is disabled and cannot enter without his service animal.

---

[1] Title II of the ADA incorporates the enforcement procedures of the Rehabilitation Act which do not require exhaustion of administrative remedies. *See* Bledsoe v. Palm Beach County Soil & Water Conservation Dist., 133 F.3d 816, 824 (11th Cir. 1998).

38. Plaintiff has no adequate remedy at law.

39. As a result, Mr. Silva suffered and will continue to suffer damages, and is entitled to an award of all relief available under the ADA, including immediate injunctive relief, and all attorney's fees and costs.

WHEREFORE, Plaintiff, CESAR SILVA, demands judgment be entered in his favor against Defendant, LEE COUNTY, FLORIDA for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, from discriminating against Mr. Silva and similarly situated disabled individuals; (b) requiring Lee County to immediately remove the "No Service Animal" signs at Bunche Beach and allowing Mr. Silva to visit Bunche Beach with his service animal; (c) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

**COUNT II – INTENTIONAL DISCRIMINATION UNDER TITLE II OF THE ADA**

40. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 31 as though fully set forth herein.

41. Plaintiff satisfied all necessary conditions precedent prior to filing this Complaint.

42. During all times material hereto, Plaintiff was disabled, and therefore was a qualified individual under the ADA.

43. Plaintiff and Sophia do not present a bona fide direct threat to the health or safety of others at the Bunche Beach.

44. Lee County's intentional posting of signs prohibiting service animals at Bunche Beach has fostered a widespread practice of blatant discrimination against those disabled individuals such as Mr. Silva who require the use of service animals.

45. Plaintiff has suffered from irreparable harm because Lee County deprived him of his federal statutory right against discrimination by a public entity. More specifically, Lee County blocked his access to Bunche Beach because he is disabled and cannot enter without his service animal.

46. Plaintiff has no adequate remedy at law.

47. Plaintiff is entitled to recover his reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 794a(b).

WHEREFORE, Plaintiff, CESAR SILVA, demands judgment be entered in his favor against Defendant, LEE COUNTY, FLORIDA for violations of the Americans with Disabilities Act, and seeks an award including, but not limited to: (a) injunctive relief against the Defendant, its agents and employees, from discriminating against Mr. Silva and similarly situated disabled individuals; (b) requiring Lee County to immediately remove the "No Service Animal" signs at Bunche Beach and allowing Mr. Silva to visit Bunche Beach with his service animal; (c) reasonable attorney's fees and costs, and any other relief as this Court may deem just and appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, CESAR SILVA hereby requests and demands a trial by jury on all appropriate claims set forth within this Complaint.

**Dated this 11th day of March 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS –
JORDAN RICHARDS, PLLC**
805 Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Ph: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTIEN, ESQUIRE
Florida Bar No. 1017746
jordan@jordanrichardspllc.com
melissa@jordanrichardspllc.com
jake@jordanrichardspllc.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on March 11, 2021.

By: */s/ Jordan Richards, Esquire*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**