UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CESAR SILVA,

    Plaintiff,

v.                                            Case No.:  2:21-cv-210-JLB-NPM

LEE COUNTY, FLORIDA,

    Defendant.

## ORDER

Before the Court is Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss and For Entry of ADA Scheduling Order (Doc. 23). This is a disability discrimination action under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Doc. 32). In short, Plaintiff Cesar Silva contends that Defendant Lee County, Florida violated his rights by posting a sign at San Carlos Bay – Bunche Beach Preserve that states "No Pets or Service Animals" and refusing Silva and his service dog access to this public land (Doc. 1 ¶¶ 1, 25-26).

The County moved to dismiss the case for lack of jurisdiction due to standing and mootness issues because it removed the sign from the beach before Silva filed his complaint. (Doc. 12). Silva filed a response in opposition. (Doc. 14). The motion to dismiss remains pending.

A district court has broad discretion to stay proceedings "as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Motions to stay discovery are disfavored because delay can create case-management problems and unnecessary litigation expenses. *Cuhaci v. Kouri Grp., LP*, No. 20-cv-23950, 2021 WL 1945819, *2 (S.D. Fla. May 14, 2021) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). "[A] stay of discovery pending the resolution of a motion to dismiss is the exception, rather than the rule." *See Jolly v. Hoegh Autoliners Shipping AS*, No. 3:20-cv-1150-MMH-PDB, 2021 WL 1822758, *1 (M.D. Fla. April 5, 2021) (citing *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, 2020 WL 6287681, *2 (M.D. Fla. Oct. 27, 2020)). And this Court's Discovery Handbook states:

> Normally, the pendency of a motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted. However, unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden.

M.D. Fla. Discovery Handbook § I.E.4 (2021).

Thus, to prevail on a request to stay discovery, the moving party has the burden to show not only prejudice and undue burden, but also necessity and reasonableness of a stay. *Id.*; *Jolly*, 2021 WL 1822758 at *1. (noting "it is the movant's burden to show the necessity, appropriateness, and reasonableness of a stay) (quotations omitted). Unless there is "an immediate and clear possibility" that

a motion to dismiss will be granted, a motion to stay discovery should be denied. *Eternal Strategies, LLC v. Clickbooth Holdings, Inc.*, No. 8:17-cv-1298-T-36MAP, 2017 WL 7311849, *2 (M.D. Fla. Sept. 20, 2017). The Court cannot say this high standard has been met.

Accordingly, the Defendant's Motion to Stay Discovery Pending Resolution of Motion to Dismiss is **DENIED**. But Defendant's Motion For Entry of ADA Scheduling Order, which is also requested by Plaintiff in his response to the motion to dismiss (Doc. 14, p. 12), is **GRANTED**. The Court will enter an ADA scheduling order separately.

**ORDERED** in Fort Myers, Florida on August 27, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE